UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WENDELL H. GRIER,

*Plaintiff-Appellant,*

v.

THE INJURED WORKERS' INSURANCE
FUND,

*Defendant-Appellee.*

No. 00-1610

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-98-3903-Y)

Submitted: December 29, 2000

Decided: January 29, 2001

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Chirag V. Patel, Baltimore, Maryland, for Appellant. Jonathan R.
Topazian, Richard T. Sampson, SEMMES, BOWEN & SEMMES,
P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wendell H. Grier appeals the district court's order entering summary judgment for the Injured Workers' Insurance Fund (IWIF) in an action alleging race discrimination in employment. We affirm.

In October 1995, Grier, an African-American, applied for two positions in a newly established subrogation unit at IWIF. Grier was interviewed but not selected. Grier alleged that the failure to select him for either of the positions constituted race discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2 (1994). In considering IWIF's motion for summary judgment, the district court assumed that Grier established a prima facie case of discrimination as outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *McDonnell Douglas* requires that, once a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory basis for the challenged employment action. *Id.* at 802. If the employer provides the required evidence of a non-discriminatory reason for the action, the plaintiff must then show that the proffered reasons were not the true reasons for the employment action, but were a pretext for discrimination. *Id.* at 804; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2106 (2000).

IWIF presented evidence that it did not select Grier because of concerns about his prior employment history, the fact that his performance appraisals were lower than those of the persons hired, and comments from his supervisor that he was frequently late for work and was a "wanderer." This evidence was sufficient to satisfy IWIF's burden to provide a legitimate, non-discriminatory rationale for its action.

Grier argues that these reasons are pretextual because he was more qualified for the positions than any of the persons hired, that perceptions of his prior experience were not honestly held, and that his performance appraisal and supervisor's comments are inaccurate. Although Grier did possess significantly greater education than the hired applicants, the job qualifications clearly stated that experience

could be substituted for the required bachelor's degree. The weighing of experience as a substitute for education is a valid basis for employment decisions that this Court will not second-guess in the absence of a discriminatory motive. *See Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997); *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Grier's assertions that he was more qualified are not relevant. *See Evans*, 80 F.3d at 960-61. We have reviewed the record in light of Grier's remaining claims and are convinced that IWIF's stated reasons were factually based and legitimately considered in this employment decision.

Because Grier did not provide the district court with evidence that IWIF's stated reasons were false or that its decision was based on impermissible factors, we conclude that summary judgment was appropriate. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*